### WALLY'S CLOVER CLUB v. CITY OF MIAMI, et al.
No. 61 C 977.

Circuit Court, Dade County.
April 18, 1961.

Garber & Chadroff, Reed, Manners & Amoon and Henry Carr, all of Miami, and Burnett Roth, Miami Beach, for plaintiff.

S. R. Sterbenz, Ass't. City Attorney, for defendant.

WILLIAM A. MEADOWS, Jr., Circuit Judge.

This action was instituted by plaintiff, P. G. B., Inc., a Florida corporation, doing business as Wally's Clover Club against the City of Miami, a municipal corporation, and Walter E. Headley, Jr., chief of police of said city, defendants. The plaintiff sought, by the institution of this action, to enjoin defendants from harassing it, in the operation of its place of business, by alleged action and conduct on the part of City of Miami uniformed motorcycle policemen in periodically inspecting the plaintiff's place of business.

The defendants answered the plaintiff's complaint, denying the material allegations thereof, and brought a counter-suit against the plaintiff in conjunction with said answer, alleging that the plaintiff was operating its place of business in a manner detrimental to the health, morals, comfort, safety, convenience and welfare of the inhabitants of and tourists visiting the city of Miami in violation of provisions of the Miami City Code. Defendants sought, by the counter-suit, to enjoin the operation and maintenance of plaintiff's place of business.

Subsequent to the instigation of this cause, the plaintiff voluntarily dismissed its complaint, and this cause proceeded to final hearing on the counter-suit of the defendants. For purposes of

clarity hereinafter the cross-plaintiff will be referred to as "the city" and the cross-defendant as "the club".

After having heard the testimony of the witnesses, considered the exhibits introduced as evidence, heard the argument of counsel, and being otherwise advised in the premises, the court makes the following findings of fact —

The club is an alcoholic beverage dispensing establishment wherein entertainment, in the form of stage acts, is provided and where food is available for service to customers. It is located at 118 Biscayne Blvd., Miami. It is operated by P. G. B., Inc., a Florida corporation, the stock of which is owned by Jean Schanker.

Entertainment, in the form of female entertainers or other acts, is provided the club by Sam Schanker, the husband of Jean Schanker. Sam Schanker is listed in the records of the clerk of the circuit court as the sole owner of Sam Schanker Production Enterprises, the office of which business is listed as 118 Biscayne Blvd., Miami, the same address as that of the club.

The evidence in this case is conclusive that, on divers occasions since December 30, 1959, the club, acting by and through its officers, permitted certain females employed as entertainers on its premises to solicit the purchase of alcoholic beverages by patrons, to commit lewd and lascivious acts on the premises, and to offer themselves for and solicit male customers for prostitution, in violation of various City of Miami Code sections.

The acts and conduct described in the preceding paragraph were permitted by the defendant corporation, P. G. B., Inc., acting by and through its officers and agents, by failing to exercise due care and caution in the employment of entertainers, by failing to exercise due care and control over the actions of persons employed as entertainers in the performance of their acts and in their conduct with customers, by allowing the entertainers to mingle and drink with customers, both at the bar and at the tables, and by allowing them to encourage customers to purchase drinks sometimes at exorbitant prices.

The following are additional findings and more particular examples of the lewd and lascivious conduct described above —

1. On or about December 30, 1959, Princess Bonet, a female entertainer employed by the club, appeared on the stage of the club improperly attired and performed in an indecent and lewd manner with the permission of said defendant in violation of

Miami City Code §43-8 as evidence by the testimony adduced herein and by City of Miami municipal court convictions 44577, 44578 and 44800, affirmed in circuit court criminal appeal case #4996. This employee was allowed by the club to continue as an entertainer despite these convictions and, in fact, is still employed there.

2. That on or about May 18, 1960, the club was declared off-limits to military personnel by the Miami area Armed Forces Disciplinary Control Board due to exorbitant prices charged by the club.

3. That during the period from June 23 through June 29, 1960, the club employed female employees or entertainers who mingled and fraternized with, solicited drinks from, offered themselves for prostitution with, conducted themselves in a lewd and lascivious manner with, and conversed in a lewd and profane manner with undercover agents of the state beverage department; all in violation of City of Miami Code §§4-11, 4-12, 43-11, and 43-34.

4. That on or about December 16 and 30, 1960, female entertainers at the club solicited drinks from, spoke in lewd and profane language with, conducted themselves in a lewd and lascivious manner with, and offered themselves for prostitution with undercover agents from the Broward County sheriff's department working under assignment to the office of the state's attorney for Dade County in violation of Miami City Code §§4-11, 4-12, 43-11, and 43-34.

5. That during the month of January, 1961, female entertainers and employees at the club solicited drinks from, and conducted themselves in a lewd and lascivious manner with undercover agents of the city of Miami, and on one occasion an employee entertainer offered herself for prostitution with one police officer of the undercover city of Miami special plainclothes detail assigned to investigate said establishment, in violation of Miami City Code §§4-11, 4-12, 43-11, and 43-34.

That since January 31, 1961, there have been no violations of the nature described above on the club premises; that following the counter-suit on February 1, 1961, the management of the club through its attorney had a group meeting of its entertainers and gave them some instructions as to how they were to conduct themselves while performing their acts and while mixing with patrons on the club premises; and that the club was during this time under continuous surveillance by uniformed city police officers.

That at no time have instructions been given by the management of the club to entertainers or female employees not to mingle and fraternize and drink with customers, but, on the contrary, they have been advised that they may drink on the premises, either at the bar or tables, and the female entertainers are still allowed by the owners of the club to do so.

That the owners of the club have failed to exercise needed control and supervision over the female entertainers by allowing some of them to continue working there after they had knowledge of the unlawful acts committed by the particular entertainers.

Based upon the above findings of fact, this court finds that P. G. B., Inc., a Florida corporation doing business as Wally's Clover Club, the original plaintiff in this cause, did at divers times prior to January 31, 1961, operate a public nuisance to the detriment of the health, morals, comfort, safety, convenience and welfare of the inhabitants of and tourists visiting the city of Miami.

It is, further, the opinion of this court that the absence of violations since January 31, 1961, is temporary, and that such acts will occur in the future so long as the owners and management of the club continue to allow the female entertainers and/or other female employees to mingle with customers and to drink on the club premises. It is apparent to the court that the mingling by the female entertainers with patrons and the solicitation of the purchase of alcoholic beverages from the patrons by the female employees was incident to and connected with the aforesaid public nuisance. Therefore, the club, through its owners, has failed to take all reasonable steps necessary to abate the public nuisance created by its acts.

This court is, therefore, of the opinion that drastic action must be taken to prevent such misconduct from occurring in the future. The evidence justifies one of two forms of relief — (1) to enjoin the operation of this establishment completely; or (2) to prohibit any mingling or fraternizing of female entertainers or other employees with customers or patrons. The court feels that the latter action will, at this time afford the required relief.

It is, therefore, ordered, adjudged and decreed that P. G. B., Inc., a Florida corporation doing business as Wally's Clover Club at 118 Biscayne Blvd., Miami, its officers, directors, agents and/or employees, are hereby permanently and forthwith enjoined —

From allowing or permitting any female entertainer of the Clover Club to mingle with, fraternize with, join, mix in the com-

pany of, or sit with or next to any male patron or customer in any part of the premises in such establishment for any purpose whatsoever and, further, the said entertainers shall be prohibited from drinking any alcoholic beverage on any part of the premises of the Clover Club at any time.

No employee or agent of the Clover Club, male or female, shall be paid any compensation by way of commission or otherwise for purchases made by patrons on the said premises.

From permitting on the aforesaid premises any person to offer to commit or to engage in prostitution or lewdness, or to offer to procure another to commit prostitution.

It is further ordered, adjudged and decreed that this court will retain jurisdiction of this cause and the parties for the purpose of entering such further orders and amendments to this decree as may be deemed necessary under this decree and the findings outlined above.